UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLIVE L. KINGSLEY,

        Petitioner,

v.                                                               Case No: 6:17-cv-1030-Orl-31KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

        Respondents.
_____/

## ORDER

This case is before the Court on Petitioner Clive L. Kingsley's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 20) in compliance with this Court's instructions. Petitioner was provided an opportunity to file a Reply to the Response but did not do so.

Petitioner asserts eighteen grounds for relief. For the following reasons, the Petition is denied.

### I.     Procedural History

A jury convicted Petitioner of attempted first-degree murder (Count One), aggravated battery with a firearm (Count Two), and shooting at, within, or into a building (Count Three). (Doc. 20-2 at 131-35.) The state court sentenced Petitioner to a thirty-five-year term of imprisonment for Count One and to concurrent fifteen-year terms of

imprisonment for Counts Two and Three. (*Id.* at 119-23.) Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (*Id.* at 552.)

Petitioner filed a state habeas petition asserting ineffective assistance of appellate counsel. (*Id.* at 556-62.) The Fifth DCA summarily denied the petition. (*Id.* at 610.)

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (*Id.* at 612-636.) The state court denied the motion. (Doc. 20-3 at 42-59.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 226.)

## II. LEGAL STANDARDS

### A. Standard Of Review Under The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent

2

considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head,* 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.   Standard For Ineffective Assistance Of Counsel**

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of

3

reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

## III. ANALYSIS

### A. Ground One

Petitioner contends his convictions for attempted first-degree murder and aggravated battery with a firearm violate double jeopardy. (Doc. 1 at 5.) Petitioner raised this ground on direct appeal. The Fifth DCA affirmed *per curiam*.

The Double Jeopardy Clause of the United States Constitution "protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). To determine whether a double jeopardy violation has occurred based on multiple convictions stemming from the same conduct, but pursuant to separate statutes, the Court must undertake a two-part analysis. *See Williams v. Singletary*, 78 F.3d 1510, 1513 (11th Cir. 1996). First, the Court must determine "whether there exists a clear legislative intent to impose cumulative punishments, under separate statutory provisions, for the same conduct." *Id*. If a clear indication exists of such legislative intent, the double jeopardy bar does not apply. *Id*. However, "[i]f there is no clear indication of legislative intent to impose cumulative punishments, [courts] examine the relevant statutes under the same-elements test of *Blockburger* [*v. United States*, 284 U.S. 299 (1932)]." *Id*. Pursuant to the "same-elements" test, "if each statutory offense requires proof of an element not contained in the other, the offenses are not the 'same' and double jeopardy is no bar to cumulative punishment." *Id*. Although federal law governs the evaluation of double jeopardy claims, state law governs the interpretation of state criminal statutes. *Tarpley v. Dugger,* 841 F.2d 359, 364 (11th Cir. 1988).

It is not clear from the statutory language of the relevant statutes whether the legislature intended to impose cumulative punishments for attempted first-degree murder and aggravated battery with a firearm. The Court, therefore, will examine the statutes pursuant to the "same-elements" test.

Convictions for attempted first degree murder and aggravated battery with a firearm do not violate double jeopardy because the offenses contain different elements. *See Gutierrez v. State*, 860 So. 2d 1043, 1046 (Fla. 5th DCA 2003) ("[T]he elements of the two crimes were different because attempted murder requires proof of an act that could have resulted in death, which is not an element required for aggravated battery."); *see also Bradley v. State*, 901 So. 2d 924 (Fla. 5th DCA 2005). Accordingly, ground one is denied pursuant to § 2254(d).

**B.     Claim Two**

Petitioner contends counsel rendered ineffective assistance by failing to hire an interpreter for trial. (Doc. 1 at 7.) According to Petitioner, if counsel had hired an interpreter, Petitioner would have understood that he could have entered a plea of no contest and he would have accepted the five-year plea offer. (Doc. 1-1 at 5.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 20-3 at 44-47.) The state court reasoned that the court reviewed the penalties with Petitioner that he faced if convicted at trial and that throughout the proceedings Petitioner communicated with counsel, had no difficulty communicating with the court or counsel, and never expressed dissatisfaction with counsel or a need for an interpreter. (*Id*.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Before and during trial, counsel conferred with Petitioner, and Petitioner responded affirmatively when asked if he understood a variety of matters. *See* Doc. 20-2 at 193, 195-96, 252, 360, 394, 396, 402, 470. At no time did Petitioner indicate that he could not communicate with counsel or did not understand the proceedings against him. Petitioner's responses to the trial court demonstrate that he understood what was being said and did not need an interpreter to communicate with either his attorney or the court. Finally, Petitioner advised the court that he did not want to enter a plea and wanted to proceed to trial because he was innocent, and he continued to maintain his innocence after the trial concluded. (*Id.* at 195-96, 487.) Petitioner, therefore, has not demonstrated deficient performance or prejudice. Accordingly, ground two is denied pursuant to § 2254(d).

### C. Ground Three

Petitioner asserts counsel rendered ineffective assistance by failing to depose Michelle Forrest ("Forrest"), Chester Grant ("Grant"), and Dave Curate ("Curate"). (Doc. 1 at 8-9.) According to Petitioner, had counsel deposed these witnesses, counsel would have discovered that Forrest was actually Ilyasha Grant, the victim's sister-in-law, and that Grant identified Petitioner as the perpetrator because Petitioner would not reveal who robbed Grant's family. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 20-3 at 47-48.) The state court reasoned that Petitioner asked counsel to file a demand for speedy trial, which precluded counsel from doing additional discovery, and

Petitioner affirmed he understood counsel would not be able to take depositions if he wished to demand a speedy trial. (*Id*.) The state court concluded that Petitioner knew that no depositions would be taken and wanted to proceed to trial despite this. (*Id*.)

Petitioner has not established that the state court's denial of this ground is contrary to, or an unreasonable application of, *Strickland*. Counsel told the court that Petitioner asked him to file a demand for speedy trial and he explained to Petitioner that by doing so, he would be unable to conduct discovery. (Doc. 20-2 at 196.) Counsel questioned Petitioner regarding whether he understood that no depositions had been taken and that by filing a demand for speedy trial, counsel would not be taking any depositions. (Doc. 20-3 at 112.) Petitioner affirmed that he understood this but still wanted to proceed with the speedy trial motion. (*Id*. at 113.) Therefore, Petitioner knew that counsel would be unable to take Forrest, Grant, and Curate's depositions and chose to proceed to trial. Consequently, counsel was not deficient for failing to take these witnesses' depositions. Moreover, Petitioner has not demonstrated that a reasonable probability exists that the outcome of the trial would have been different had counsel done so. Accordingly, ground three is denied pursuant to § 2254(d).

**D.** **Ground Four**

Petitioner maintains counsel rendered ineffective assistance by failing to impeach Grant with his prior inconsistent statement. (Doc. 1 at 12.) In support of this ground, Petitioner notes that Grant told police he did not know who shot him in contradiction to his trial testimony. (*Id*.)

8

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 20-3 at 48-49.) The state court reasoned that counsel questioned Grant about his prior inconsistent statement on cross-examination and Grant admitted his statement was contrary to his trial testimony. (*Id*.)

During cross-examination, counsel questioned Grant about his statement to police in which Grant denied seeing who shot him. (Doc. 20-2 at 247.) Grant admitted he told police that he did not see who shot him and that his trial testimony was different. (*Id*. at 247-48.) Counsel, therefore, was not deficient, and prejudice did not result from counsel's performance. Accordingly, ground four is denied pursuant to § 2254(d).

E.   **Ground Five**

Petitioner asserts counsel rendered ineffective assistance by failing to request a mental competency evaluation of Forrest. (Doc. 1 at 17.) In support of this ground, Petitioner argues that Forrest was in fact Ilyasha Grant. (*Id*.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 20-3 at 49.) The state court reasoned that the trial court lacked authority to order a mental health evaluation of a witness. (*Id*.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Petitioner has not demonstrated that the state court could order a mental health evaluation of a witness. Counsel is not deficient for failing to pursue a non-meritorious argument. Furthermore, in addition to Forrest, Grant and Curate identified Petitioner as the person who shot Grant. Therefore, a reasonable probability does not exist that the outcome of the trial would have been different even if Forrest's

testimony was impeached or excluded. Accordingly, ground five is denied pursuant to § 2254(d).

F.     **Ground Six**

Petitioner contends counsel rendered ineffective assistance by failing to investigate Forrest's identity or move for a mistrial. (Doc. 1 at 17-18.) In support of this ground, Petitioner again argues that Forrest was in fact Ilyasha Grant. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 20-3 at 50-51.) The state court noted that counsel brought the issue of Forrest's identity to the court's attention and the court denied counsel's request to question Forrest about her social security number. (*Id.*) The state court further reasoned that Forrest was sworn under oath prior to testifying and counsel cross-examined Forrest about her knowledge of the case and whether she was present at the scene of the offenses, which was consistent with her pretrial statement. (*Id.*) The state court concluded that counsel had no basis to move for a mistrial or to object to Forrest's testimony, and thus, counsel was not ineffective. (*Id.*)

Counsel advised the state court of Petitioner's concern about Forrest's identity and sought to voir dire her about it. (Doc. 20-2 at 252.) The trial court, however, denied counsel's request and instructed counsel to cross-examine Forrest regarding her presence at the offenses. (*Id.* at 252-54.) Counsel, therefore, had no basis to move for a mistrial.

Forrest subsequently testified under oath and gave testimony consistent with her statement to police. Petitioner has presented no evidence demonstrating that Forrest is Ilyasha Grant. More importantly, two other witnesses identified Petitioner as the shooter.

10

Therefore, a reasonable probability does not exist that the outcome of the trial would have been different had counsel moved for a mistrial or sought to exclude Forrest's testimony. Accordingly, ground six is denied pursuant to § 2254(d).

### G. Grounds Seven and Sixteen

In ground seven, Petitioner asserts counsel rendered ineffective assistance by failing to impeach Forrest with her prior statement. (Doc. 1 at 18.) In ground sixteen, Petitioner maintains the trial court lacked jurisdiction over the action. (*Id.* at 24.) Petitioner, however, concedes these grounds are without merit and abandons them. (*Id.* at 18, 24.) Accordingly, grounds seven and sixteen are denied.[2]

### H. Ground Eight

Petitioner maintains counsel rendered ineffective assistance by failing to object to the second-degree murder instruction. (Doc. 1 at 19.) According to Petitioner, there was no evidence to support the second-degree murder instruction, and the instruction deprived the jury of its pardon power. (Doc. 1-1 at 10.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 20-3 at 53-54.) The state court reasoned that sufficient evidence was presented to support the second-degree murder instruction and that Petitioner advised the court that he agreed with the decision to request the instruction. (*Id.*) The state court concluded, therefore, that counsel had no reason to object to the instruction. (*Id.*)

---

[2] Alternatively, Petitioner has not demonstrated that the state court's denial of these grounds is contrary to, or an unreasonable application of, clearly established federal law. *See* Doc. 20-2 at 52-53.

The state court's denial of this ground is neither contrary to, nor an unreasonable application of, *Strickland*. The trial court asked Petitioner if he wanted the second-degree murder instruction, and Petitioner responded affirmatively. Furthermore, evidence was presented from which the jury could have found that Petitioner acted with a depraved mind or out of ill-will, hatred, spite, or an evil intent. Consequently, the second-degree murder instruction was appropriate. Most importantly, the jury convicted Petitioner of attempted first-degree murder. Petitioner, therefore, has not established that a reasonable probability exists that the outcome of the trial would have been different had counsel objected to the second-degree murder instruction. Accordingly, ground eight is denied pursuant to § 2254(d).

I.  **Ground Nine**

Petitioner asserts counsel rendered ineffective assistance by failing to object to the prosecutor's improper statements during closing argument. (Doc. 1 at 19-20.) In support of this argument, Petitioner complains that the prosecutor said that the victim did not initially identify him because he was afraid of Petitioner and the victim looked like swiss cheese because he had so many holes in him from Petitioner shooting the victim. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 20-3 at 54-55.) The state court reasoned that the prosecutor's statements were based on the evidence and were fair comments on the evidence. (*Id.*)

"[A]n attorney is allowed to argue reasonable inferences from the evidence and to argue credibility of witnesses or any other relevant issue so long as the argument is based on the evidence." *Miller v. State*, 926 So. 2d 1243, 1254-55 (Fla. 2006) (citing *Craig v. State*,

12

510 So. 2d 857, 865 (Fla. 1987)). The victim testified that when he spoke to police after the incident, Petitioner was not in custody. (Doc. 20-2 at 250.) A detective testified that the victim told her he was afraid of Petitioner before he made his statement to police. (Doc. 20-2 at 366-67.) Evidence also was presented that Petitioner shot the victim at least five times. The prosecutor's statements were premised on evidence presented at trial. Petitioner, therefore, has not demonstrated that the prosecutor's statements were improper or that prejudice resulted from counsel's failure to object to them. Accordingly, ground nine is denied pursuant to § 2254(d).

**J. Ground Ten**

Petitioner maintains counsel rendered ineffective assistance by failing to object to the trial court answering the jury's questions with non-standard language. (Doc. 1 at 20-21.) Specifically, Petitioner complains that the trial court improperly told the jury that no evidence was presented regarding which agency a witness worked for or regarding why Petitioner was arrested in 2013. (*Id*.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 20-3 at 57-58.) The state court determined that the trial court's response did not prejudice Petitioner and Petitioner agreed with the trial court's response. (*Id*.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. The trial court asked Petitioner if he was okay with the court's response to the jury's question, and Petitioner affirmed he was. (Doc. 20-2 at 469-70.) Furthermore, there was no evidence presented regarding which agency the witness worked for or why Petitioner was not arrested until 2013. Consequently, the trial court's

response to the jury's question was accurate. Petitioner, therefore, has not shown deficient performance or prejudice. Accordingly, ground ten is denied pursuant to § 2254(d).

**K.     Ground Eleven**

Petitioner asserts counsel rendered ineffective assistance by failing to contest the lack of a pretrial hearing. (Doc. 1 at 22.) According to Petitioner, had a pretrial hearing been held, he could have challenged Forrest's identity. (*Id*.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 20-3 at 58.) The state court reasoned that the case was set for pretrial hearings on multiple occasions and Petitioner was not entitled to a hearing to examine Forrest. (*Id*.)

As discussed *supra*, Petitioner has not offered any evidence demonstrating that Forrest was Ilyasha Grant. Furthermore, the victim and Curate identified Petitioner as the shooter. Petitioner, therefore, has not established that counsel was deficient for failing to contest the lack of a pretrial hearing, and a reasonable probability does not exist that the outcome of the trial would have been different had counsel done so. Accordingly, ground eleven is denied pursuant to § 2254(d).

**L.     Ground Twelve**

Petitioner contends counsel rendered ineffective assistance by failing to object to the inconsistent verdict. (Doc. 1 at 22.) According to Petitioner, the verdict on attempted first-degree murder was inconsistent because the jury found that Petitioner did not inflict great bodily harm to the victim. (*Id*.)

14

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 20-3 at 59.) The state court reasoned that the verdict was not inconsistent and counsel had no basis to object to it. (*Id*.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. The offense of attempted first-degree murder does not require a finding of great bodily harm. *See* Doc. 20-2 at 444-45. The verdict, therefore, was not inconsistent, and counsel had no reason to object to it, nor did prejudice result from counsel's failure to do so. Accordingly, ground twelve is denied pursuant to § 2254(d).

**M.     Ground Thirteen**

Petitioner asserts counsel rendered ineffective assistance by failing to file a bill of particulars, demanding the State to provide the exact time and place of the offenses. (Doc. 1 at 23.) Petitioner raised this ground on direct appeal. (Doc. 20-2 at 515.) The Fifth DCA affirmed *per curiam*. (*Id*. at 552.)

The information charged Petitioner with committing the offenses on February 8, 2004, in Orange County, Florida. (Doc. 20-2 at 21-23.) Furthermore, the arrest warrant, the affidavit for arrest warrant, the witness statements, and the victim's statement which contained the location, vicinity, and time the offenses occurred, was filed with the information. (*Id*. at 25-37.) Consequently, counsel had no reason to file a motion for bill of particulars, and prejudice did not result from counsel's failure to do so. Accordingly, ground thirteen is denied pursuant to § 2254(d).

**N.     Ground Fourteen**

Petitioner complains that the prosecutor failed to secure a formal complaint signed

and sworn by Chester Grant "or a contract requiring specific performance bearing the true name of Defendant. . . from any equity, admiralty, maritime, international, or statutory court." (Doc. 1 at 23.) Petitioner raised this ground on direct appeal. (Doc. 20-2 at 515.) The Fifth DCA affirmed *per curiam*. (*Id.* at 552.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, clearly established federal law. The State filed an affidavit for arrest warrant supported by witnesses' statements and charged Petitioner by information. (Doc. 20-2 at 21-37.) Accordingly, ground fourteen is denied pursuant to § 2254(d).

### O.   Ground Fifteen

Petitioner contends that he was convicted of an offense for which he was not charged. (Doc. 1 at 24.) According to Petitioner, he was only charged with battery but was convicted of aggravated battery with a firearm. (*Id.*)

Petitioner raised this ground on direct appeal. (Doc. 20-2 at 518.) The Fifth DCA affirmed *per curiam*. (*Id.* at 552.)

The State charged Petitioner with battery with a firearm in violation of Section 784.045(1)(a)2 of the Florida Statutes. (Doc. 20-2 at 22.) Section 784.045(1)(a)2 defines the offense of aggravated battery with a deadly weapon. *See* Fla. Stat. § 784.045(1)(a)2 (2004). Petitioner, therefore, was charged with aggravated battery with a firearm, the offense for which he was convicted. Accordingly, ground fifteen is denied pursuant to § 2254(d).

### P.   Ground Seventeen

Petitioner asserts that the trial court improperly imposed a fifteen-year sentence for Count Three without a jury finding that Petitioner shot at, within, or into a building.

16

(Doc. 1 at 24.)

Petitioner raised this ground on direct appeal. (Doc. 20-2 at 529.) The Fifth DCA affirmed *per curiam*. (*Id.* at 552.)

The State charged Petitioner with shooting at, within, or into a building in violation of Section 790.19 of the Florida Statutes. (Doc. 20-2 at 23.) The jury found Petitioner guilty as charged. (*Id.* at 133.) The maximum penalty for this offense is fifteen years of imprisonment. *See* Fla. Stat. § 775.082(3)(c) (2004). Accordingly, ground seventeen is denied pursuant to § 2254(d).

### Q.    Ground Eighteen

Petitioner maintains appellate counsel rendered ineffective assistance by failing to argue that he was convicted of an uncharged crime and that the evidence was not sufficient to support the verdict. (Doc. 1 at 25.) In support of this ground, Petitioner maintains he was not charged with aggravated battery. (Doc. 1-1 at 17.)

Petitioner raised this ground in his state habeas petition. The Fifth DCA summarily denied relief. (Doc. 20-2 at 610.)

As discussed previously, Petitioner was charged with aggravated battery with a firearm and was not convicted of an uncharged crime. Moreover, the evidence of Petitioner's guilt was substantial, and the trial court did not err in denying Petitioner's motion for judgment of acquittal. Counsel, therefore, was not deficient for failing to raise non-meritorious issues, and prejudice did not result from counsel's failure to do so. Accordingly, ground eighteen is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found

to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 16, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
Counsel of Record
OrlP-1 1/16